IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO VELASQUEZ-CORONADO,

    Petitioner,

vs.                                        CIV 02-1060 MV/LAM

GARLAND JEFFERS, et al.,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Petitioner Mario Velasquez-Coronado's Petition For Writ of Habeas Corpus By A Person In Federal Custody pursuant to 28 U.S.C. § 2241, filed on August 23, 2002. *(Doc. 1)* This petition requests an adjustment of status or relief from Petitioner's pending deportation by the Immigration and Naturalization Service (INS) upon completion of his sentence. Petitioner is currently held at the Torrance County Detention Facility in Estancia, New Mexico. Although the record before me does not contain a complete copy of the INS files for Petitioner, I believe the record contains sufficient information to analyze the issues before me.

**Factual and Procedural History**

Petitioner admits he is a native and citizen of Mexico who illegally entered the United States during 1980 at or near Nogales, Arizona. *(Memorandum of Law, pg 1, submitted by Petitioner with*

---

[1]The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*§ 2241 Petition)*[2]  Following a hearing before an authorized officer, INS deported Petitioner on December 23, 1983 at Nogales, Arizona. *(Government Exhibit 1 attached to Response and Motion to Dismiss, Doc. 8)*[3]  Petitioner re-entered the United States, without consent, sometime in 1986. *(Government Exhibit 2, INS form I-817)*  On November 19, 1990, Petitioner pled guilty to the "amended" offense of possession of marijuana in the Superior Court of Arizona, Maricopa County, Cause No. CR 90-10825, and received a sentence of three years probation. *(Government Exhibit 3)*  During 1991, Petitioner's application for Voluntary Departure under the Family Fairness Program was denied because Petitioner had failed to apply for permission to re-enter the United States following his 1983 deportation. *(Government Exhibit 4, INS Notice of Decision)*  Petitioner's spouse, a Legal Permanent Resident, filed an I-130 petition on his behalf, which was approved but no visa was issued. *(Government Exhibit 2)*  Petitioner claims he was unable to pick up the approved visa at the American Consulate in Juárez, México as he was arrested on the day of his appointment in September 1993. *(Memorandum of Law, pg. 1)*  Petitioner applied for permission to reapply for permission to re-enter the United States in November, 1992 which INS approved, but Petitioner failed to follow up with further applications. *(Government Exhibit 5, INS Form I-212)*

Due to the 1993 arrest for attempted possession of narcotics, Petitioner's probation for his 1990 marijuana conviction (Cause No. CR 90-10825) was revoked and Petitioner was sentenced to 18 months incarceration. *(Government Exhibit 6, Superior Court of Arizona Sentence of Imprisonment)*  As a result of this probation violation, the underlying marijuana offense was re-

---

[2] Subsequent references to Memorandum of Law are from this attachment to Petitioner's § 2241 Petition.

[3] Subsequent references to Government Exhibits are from attachments to the same document.

designated as a class 6 felony. On January 14, 1994, Petitioner pled guilty to attempted possession of narcotic drugs (cocaine) in the Superior Court of Arizona, Maricopa County, Cause No. 93-01834. Petitioner's sentence was for two (2) years, to be served concurrently with the sentence for Cause No. 90-10825. *(Id.)* Subsequently, on October 14, 1994, a United States immigration judge in Phoenix, Arizona ordered Petitioner deported. *(Government Exhibit 7, INS Deportation Order)* Petitioner waived appeal and was removed the same day. *(Id.)* This waiver and Petitioner's failure to timely appeal the immigration judge's decision to the Board of Immigration Appeals within the required filing period (*See* 8 C.F.R. § 3.3(a)), constitutes a failure to exhaust administrative remedies.

Petitioner again re-entered the United States without permission on an unknown date. The INS office in Phoenix, Arizona issued a warrant of removal/deportation on April 28, 1998 and removed Petitioner the same day. *(Government Exhibit 8, INS form I-205)* Petitioner once again re-entered the United States without permission on or about July 30, 1999 and was discovered by an INS inspector in the Maricopa County (Arizona) Sheriff's custody on misdemeanor charges. *(Government Exhibit 9, Criminal Complaint)* Petitioner pled guilty on October 20, 1999 in United States District Court, District of Arizona, to one count of Re-entry after Deportation in violation of 8 U.S.C. § 1326(a) and (b)(2), a felony offense. *(Government Exhibit 10, U.S. District Court Judgment)* Petitioner received a sentence of forty-five (45) months incarceration. *(Id.)*

On July 30, 1999, Petitioner acknowledged receipt of INS Notice of Intent/Decision to Reinstate Prior Order (specifically the October 14, 1994 order of deportation) with his signature and checked a box indicating "I do not wish to make a statement contesting this determination." *(Government Exhibit 11, INS Form I-871 dated July 30, 1999, and issued by the Phoenix, Arizona office)* On September 6, 2000, INS issued a warrant of removal/deportation for Petitioner, to be

executed upon completion of his sentence. *(Government Exhibit 12, INS Form I-205)* Petitioner was not given a hearing before an immigration judge because under 8 U.S.C. § 1231(a)(5), a prior order of removal that is reinstated "is not subject to being reopened or reviewed."

Petitioner filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 23, 2002, requesting an adjustment of status. *(Doc. 1)*[4] In this petition, Petitioner alleges that his convictions for possession of marijuana in 1990 and attempted possession of narcotic drugs in 1994 should not have resulted in a denial of relief because they were "not at [sic] any way consider [sic] particular serious crimes." *(Doc. 1, Petition for Writ of Habeas Corpus, page 5)* Petitioner also alleges that the "Immigration Judge (IJ) did not advised me of my right to appeal or seek relief under 212(c)(h), which if the proper standard of review hab [sic] been employed." *(Id.)* Petitioner goes on to claim he falls into the 212(h) category, admitting he has never been legally admitted to the United States and claiming extreme hardship to his family. *(Id.)* On September 19, 2002, Petitioner filed a Motion to Supplement the Record *(Doc. 20)*, claiming newly discovered evidence.[5] The Court interprets Petitioner's claims as an allegation of a due process violation by the immigration judge and a faulty factual characterization of his drug possession convictions as aggravated felonies.

I find this Court has no jurisdiction to hear the threshold issues that must be resolved by the United States Court of Appeals for the Ninth Circuit before any court can entertain Petitioner's claims

---

[4] Petitioner's petition is a form headed "In the United States District Court For The District Of Arizona," but was filed with the Clerk of the Court in The District of New Mexico.

[5] Petitioner's Motion to Supplement Record due to "newly discovered evidence" claims he was sentenced in violation of Proposition 200 (A.R.S. § 13-901.01), an Arizona statute requiring courts to sentence non-violent persons convicted of first or second-time drug possession offenses to probation or participation in treatment programs and not imprisonment. However, Proposition 200 was enacted in 1996, after Petitioner's 1990 and 1994 drug possession convictions.

for relief. As such, I recommend that this case be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631.

## Analysis

A federal court is under a continuing duty to determine its jurisdiction over any matter. Therefore, I must *sua sponte* evaluate whether this action is properly brought under § 2241 in the District of New Mexico federal court.

By means of his petition, Petitioner is attempting to resurrect and challenge the substance and process of the 1994 INS decision that he is deportable. Plainly he wants this Court to intervene and have the INS reconsider his status as an alien who committed two aggravated felonies. *(Doc. 20)* Petitioner's § 2241 petition, therefore, should be construed as one for judicial review of an order of deportation. In general, a prospective deportee seeking judicial review of a removal decision must file a petition for review in the United States Court of Appeals for the circuit "in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1043-45 (9th Cir. 2001) (statute authorizes review of reinstatement orders in the courts of appeal). Petitioner was deported through an immigration court in Arizona; thus, this matter should have been filed in the United States Court of Appeals for the Ninth Circuit unless its jurisdiction to entertain such review is otherwise limited.

Recent amendments[6] to the immigration statutes have imposed just such a limitation on the scope of courts of appeal review pursuant to § 1252. No longer are courts of appeal permitted to directly review a final removal order of an alien who has been found deportable because of a conviction of an aggravated felony. *See Calcano-Martinez v. I.N.S.*, 533 U.S. 348, 121 S.Ct. 2268, 2269 (2001); *see also* 8 U.S.C. § 1252(a)(2)(C) (referencing § 1227(a)(2)(A)(iii), § 1227(a)(2)(B); §1182(a)(2)). Instead, the alien's remedy is to file a § 2241 petition in district court, the decision of which can then be reviewed on appeal.[7]

However, circuit decisions both before and after *Calcano-Martinez* recognize that courts of appeal retain jurisdiction to determine threshold "jurisdictional-stripping" issues such as that implicated in this case - whether the Petitioner was convicted of an 'aggravated felony' <u>within the meaning of the statute</u> and whether Petitioner's constitutional due process rights were violated by the immigration judge's alleged failure to inform Petitioner of his right to appeal or seek a waiver.[8] *E.g.,*

---

[6]"[O]n September 30, 1996, [Congress] enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-208, 110 Stat. 3009, amended by the Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. Through this legislation, Congress amended many provisions of the INA and significantly restricted judicial review of removal orders based on commission of certain crimes. As the Supreme Court has observed, the limitations on judicial review, designed to 'protect[ ] the Executive's discretion from the courts . . . can fairly be said to be the theme of the legislation.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999). *Tapia-Garcia v. I.N.S.*, 237 F.3d 1216, 1218 (10th Cir. 2001).

[7]Generally, a petition for habeas corpus under § 2241 must be filed in the district court having jurisdiction over the person with custody of Petitioner. Thus, if the petition is reviewable under § 2241, venue would lie here given Petitioner's present incarceration in New Mexico. However, in this case, there are threshold issues which must be reviewed by the court of appeals first.

[8]In *Calcano-Martinez,* the government

> conceded that the courts of appeals have the power to hear petitions challenging the factual determinations thought to trigger the jurisdiction-stripping provision (such as whether an individual is an

6

*Francis v. Reno*, 269 F.3d 162 (3rd Cir. 2001); *Zavaleta-Gallegos v. I.N.S.*, 261 F.3d 951, 954 & n. 3 (9th Cir. 2001); *Tapia-Garcia v. I.N.S.*, 237 F.3d 1216, 1219-1220 (10th Cir. 2001) (pre-*St. Cyr* and *Calcano* decisions). Indeed, the Tenth Circuit has expressly held that it

> retains jurisdiction under the permanent provision to determine whether the jurisdiction bar applies. We may therefore decide whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute.

*Tapia-Garcia,* 237 F.3d at 1220. Because the immigration judge's finding regarding Petitioner's criminal offenses as aggravated felonies constitutes a threshold question, the Ninth Circuit Court of Appeals retains jurisdiction to address the issue.

At present, pending motions filed in district court include: Petitioner's Motion For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 *(Doc. 1)*, Respondent's Response and Motion to Dismiss Petition *(Doc. 8)*, Petitioner's Motion For Status on Pending Case *(Doc.16)*, Respondent's Motion for Ruling on 28 U.S.C. § 2241 Motion *(Doc. 19)*, and Respondent's Motion to Supplement Record *(Doc. 20)*. Because I find this Court has no jurisdiction to hear the threshold issues in this case and recommend transfer to the Ninth Circuit, the above pending motions are held in abeyance.

---

> alien or **whether he or she has been convicted of an "aggravated felony" within the meaning of the statute**) [or] **review "substantial constitutional challenges"** raised by aliens who come within the strictures of § 1252(a)(2)(C).

*Id.*, 121 S.Ct. at 2270 n. 2 (emphasis added). Thus, the full scope of direct review available in the courts of appeal under § 1252 is not clear, where as here, Petitioner raises factual and constitutional due process issues. *See Castro-Cortez*, 239 F.3d at 1047 (transfer of habeas corpus challenge to a reinstatement order filed in district court to Court of Appeals); *see also Hernandez v. Ashcroft*, 72 Fed.Appx. 764, 2003 WL 21690537, July 2003 (10th Cir.) (persuasive argument wherein 10th Circuit reviewed alien habeas corpus petition challenging INS reinstatement of prior removal order as recommended by the district magistrate judge because the question of jurisdiction . . . has been in a state of flux).

To promote the expeditious disposition of this matter before the proper court, I find that this matter should, and will be: (1) characterized as a petition for review of the reinstatement of a final order of removal under 8 U.S.C. § 1252(b) with the United States Attorney General as Respondent; and (2) transferred to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631.  See *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001) (after determining threshold issue, recharacterizing petition for review as habeas petition and transferring to district court); *Wireko v. Reno*, 211 F.3d 833 (4th Cir. 2000) (district court transferred § 2241 petition to court of appeals where threshold issue appeared to be same as argued in habeas).

**WHEREFORE, IT IS HEREBY RECOMMENDED** that this case be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631.

_Lourdes A. Martinez_
UNITED STATES MAGISTRATE JUDGE